No. 3789.—A. AND ED. B. TALBOTT v. THE PARISH OF IBERVILLE.

As a general rule a parish can not, through its police jury or otherwise, contract a debt or incur an obligation binding upon it without at the same time providing the means of paying such debt; but if the parish is involved in heavy litigations, the police jury have the right to contract with experienced attorneys, in addition to their regularly paid attorney, to aid in the defense of such suits, and the parish is legally bound for the payment of their fees.

APPEAL from the Fifth Judicial District Court, parish of Iberville. Posey, J. A & E. B. Talbott, in propria personæ, and *Elmore & King for plaintiffs. Breaux & Fenner and Hall and George Wailes, for defendant and appellant.

TALIAFERRO, J. The plaintiffs bring this action upon a written contract entered into between them and the president of the police jury of the parish of Iberville, acting on the part of the latter, whereby the plaintiffs, as attorneys at law, were engaged to render certain specified professional services for the parish, for which they were to be paid $3600; six hundred dollars of which were to be paid in cash, the remainder to be contingent upon the final termination of certain suits then pending in the courts against the parish; the plaintiffs to receive the whole amount in the event the cases should be finally decided in favor of the parish. The cash payment was made, but the remainder being withheld the plaintiffs instituted this suit, alleging that they have rendered the stipulated services, that they have conducted the defense of the causes to a successful termination in favor of

the parish, and therefore pray judgment for $3000 in conformity with the contract, and for legal interest from twenty-seventh of March, 1871.

The answer is a general denial. Several grounds are set up in defense. These are that Dubuclet, the president of the police jury, was without authority to contract the obligation declared upon. That the parish had its own attorney who received a salary from the parish, and whose duty it was to attend to all the legal business of the parish; the employment of other attorneys being improper and illegal.

The plaintiffs had judgment for the amount claimed, and the defendant has appealed.

The only grounds urged in opposition to this claim that we deem it necessary to consider, is that police juries are corporate bodies of special and limited powers which are to be strictly construed, and that they are by statute prohibited from contracting debts without "fully providing in the ordinance creating the debt the means of paying the principal and interest of the debt so contracted." Revised Statutes, section 2786.  Section 2743, Revised Statutes, confers upon police juries the right "to lay such taxes as they may judge necessary to defray the expenses of their respective parishes."

The only question to consider here is whether in providing for expenses of the parish the police jury was authorized to provide for the payment of the attorney's fees in question as a part of the necessary current expenses of the parish, and to determine this question we must advert to the facts and circumstances existing at the time. Suits for various sums, amounting in the aggregate to over forty thousand dollars, were instituted against the parish, which the police jury judged it important to the parish to defeat. To this end it was deemed prudent to employ able and experienced counsel to aid the parish attorney in the defense of these cases. The parish, as a political corporation, acting through the members of the police jury as their agents, was clearly competent to use the ordinary legal means of defense when assailed by parties seeking to enforce against the parish heavy debts and liabilities. There was nothing to prohibit the corporation from employing other attorneys in aid of its own in defense of law suits which might seriously affect the interests of the people of the parish. The discretion to do so we think can hardly be questioned. The compensation to counsel so employed may fairly be considered a contingent expense, and properly ranked among other current expenses which the police jury is authorized to provide for. An estimate of expenditures for the year ending June, 1871, was made and adopted by the police jury on the eighth of September, 1870; one item in this estimate is "for lawyer's fees, as per contract of late police jury, $10,000." Several ordinances are found in the record, one of them showing the authorization of the police jury to Dubuclet to engage counsel;

another, the ratification of his contracts with the plaintiffs and the late Hon. Zenon Labauve, as counsel for the purpose required, and a third directing the payment of the six hundred dollars cash to the plaintiffs. The contract entered into with the plaintiffs is dated the tenth of January, 1870. There was an ordinance passed the second of January, 1871, repealing the one approving and adopting the estimates of September 8, 1870. This could have no effect on the obligation of the parish to the plaintiffs, who had contracted and rendered their services previously.

There are two bills of exceptions in the record, but their examination is not called for in the decision of the case.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.